**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2488-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DANIEL C. EVERETT,

    Defendant-Appellant.

_____

Submitted January 8, 2024 – Decided January 26, 2024

Before Judges Sabatino and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 15-05-0629.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Laura C. Sunyak, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This is an appeal of the denial of a post-conviction relief ("PCR") petition without an evidentiary hearing. We affirm, substantially for the cogent reasons expressed in Judge Janetta D. Marbrey's written opinion of March 14, 2022.

The tragic case arises out of a fatal accident in which a commercial dump truck driven by defendant Daniel C. Everett struck the victim's car at about 2:15 p.m. on July 17, 2014. Defendant had caused three other motor vehicle collisions earlier that day, all minor and none of them fatal. The first collision occurred at 8:07 a.m.; the second at 11:45 a.m., and the third at 1:15 p.m. Police officers responded to two of those three earlier accidents, but they did not prevent defendant from resuming his driving.

Before the fourth and final accident, defendant texted his wife and expressed concerns about the condition of his truck's brakes. His wife, meanwhile, raised concerns in their text exchange about his mental state. Although she did not tell him this until after the fatal collision, his wife had noticed that he had lapsed into a "fugue state" on two recent occasions. He also had been diagnosed with diabetes about two months earlier.

Defendant was arrested after the fatal accident and taken to a hospital. A toxicology report detected no alcohol in his bloodstream and no controlled dangerous substances except for Xanax, which he said had been prescribed to

him for a work-related injury. About nine months after the accident, defendant underwent a sleep study that diagnosed him with mild apnea.

Defendant was charged by indictment with second-degree death by auto, N.J.S.A. 2C:11-5(a), a form of reckless manslaughter. He had no previous indictable convictions.

Pursuant to a negotiated agreement, the State consented to have defendant sentenced one-degree lower, down to the third-degree range. The agreement specified a three-year maximum custodial term, subject to parole ineligibility mandated by the No Early Release Act, N.J.S.A. 2C:43-7.2 ("NERA").

In June 2017, defendant pled guilty in accordance with the agreement. At the plea hearing, defendant admitted to the court that he had been reckless in continuing to drive after the first three accidents. During the hearing, defendant's attorney asked him several questions about his mental state leading up to the accidents, referencing his text messages with his wife and her past observations of his fugue state. Among other things, counsel showed that the texts reflected concerns by defendant and his wife before the accident that a low blood sugar level could have been affecting him. The trial court accepted defendant's guilty plea as knowing, intelligent, and voluntary. The court also confirmed with defendant that he was satisfied with his attorney's services.

A-2488-21

The sentencing was delayed for over a year to enable defendant to undergo back surgery and address other health issues. He was eventually sentenced in October 2018. In arguing for leniency, defense counsel suggested to the court that defendant may have been suffering from chronic traumatic encephalopathy ("CTE"). Consistent with the plea agreement, the court treated defendant as a third-degree offender and imposed a three-year NERA sentence.

In November 2019, defendant timely filed the present PCR petition. He argues his plea counsel was constitutionally ineffective by failing to investigate his case sufficiently. In particular, he contends his counsel should have explored more deeply a potential medical explanation for his driving behavior. Defendant asserted his belief that "the combination of sleep apnea and [his] uncontrolled blood sugar was the cause of the [fatal] accident." He posits that had his counsel been more diligent, he would not have pled guilty and instead would have gone to trial.

After hearing oral argument on the PCR petition, Judge Marbrey issued her nine-page written opinion rejecting defendant's contentions. The judge found that plea counsel's performance was not deficient. Among other things, she noted that during both the plea hearing and the sentencing, "counsel clearly addressed [defendant's] ongoing cognitive issues." The judge deemed defendant's claims that counsel was inattentive to his medical conditions as

4

unsubstantiated "bald assertions." The judge found it reasonable to infer that counsel, who was clearly aware of his client's medical circumstances, strategically chose to pursue plea negotiations rather than risk advancing a medical defense at trial. The judge also highlighted defendant's admission that he knew his decision to keep driving after the first three accidents earlier the same day was reckless.

On appeal, defendant presents this argument in his brief:

> POINT I
>
> MR. EVERETT IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO CONDUCT AN ADEQUATE PRETRIAL INVESTIGATION, CAUSING HIM TO PLEAD GUILTY WHEN HE OTHERWISE WOULD HAVE PROCEEDED TO TRIAL.

In assessing this argument, we are guided by well-settled principles. A defendant seeking relief because of the alleged constitutionally ineffective assistance of counsel must demonstrate: (1) deficient performance by counsel, and (2) actual prejudice flowing from that performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 52 (1987). In the context of a defense that culminated, as here, with a plea agreement, the defendant must show with "'reasonable probability'" that the

result would have been different had plea counsel taken a different course of action. Lafler v. Cooper, 566 U.S. 156, 163 (2012) (quoting Strickland, 466 U.S. at 694). Our courts afford substantial deference in this regard to strategic decisions made by a trial attorney. State v. Arthur, 184 N.J. 307, 322-23 (2005).

Applying these principles, we concur with Judge Marbrey's sound analysis. Defendant presents no expert reports substantiating his theory that his driving behavior on the day of the fatal crash was caused by a combination of diabetes, sleep apnea, and an uncontrolled blood sugar. Moreover, even if he tendered such an expert medical opinion, it would not have necessarily persuaded a jury to exonerate his conduct, particularly given his own admission that it was reckless to have continued driving after the first three accidents. We must also be mindful that defendant initially had been facing a second-degree sentencing exposure of up to ten years of imprisonment; the third-degree sentence of three years that his plea counsel favorably negotiated was a significant achievement.

Because defendant failed to advance a prima facie case of ineffective assistance, no evidentiary hearing was warranted. State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2488-21